Dear Senator Doctorian:
This opinion is in response to your questions asking:
 (1) Is it legal to operate a three or four wheeled motorized golf cart on the public highways of the state without being registered?
 (2) If the answer to (1) is no, what requirements would have to be made for the golf cart to be licensed?
Section 301.020.1 and .4, as enacted by House Committee Substitute for House Bills Nos. 1367 and 1573, Eighty-Third General Assembly, Second Regular Session (effective August 13, 1986) provides in part:
 301.020. 1. Every owner of a motor vehicle or trailer, which shall be operated or driven upon the highways of this state, except as herein otherwise expressly provided, shall annually file, by mail or otherwise, in the office of the director of revenue, an application for registration on a blank to be furnished by the director of revenue for that purpose containing:
* * *
 4. Anyone who fails to comply with the requirement of this section shall be guilty of a class B misdemeanor.
Section 301.010(8), (23), (25), (26), (30), (42), and (46), as enacted by House Committee Substitute for House Bill No. 1153, Eighty-Third General Assembly, Second Regular Session (effective August 13, 1986) provides:
 301.010. As used in this chapter and sections 304.010 to 304.040, 304.120 to 304.260 and 307.010 to 307.175, RSMo, the following terms mean:
* * *
 (8) "Farm tractor", a tractor used exclusively for agricultural purposes;
* * *
 (23) "Motor vehicle", any self-propelled vehicle not operated exclusively upon tracks, except farm tractors;
* * *
 (25) "Motorized bicycle", any two-wheeled or three-wheeled device having fully operative pedals capable of propulsion by human power, an automatic transmission and a motor with a cylinder capacity of not more than fifty cubic centimeters, which produces less than two gross brake horsepower, and is capable of propelling the device at a maximum speed of not more than thirty miles per hour on level ground;
 (26) "Motortricycle", a motor vehicle operated on three wheels, including a motorcycle while operated with any conveyance, temporary or otherwise, requiring the use of a third wheel;
* * *
 (30) "Owner", any person, firm, corporation or association, who holds the legal title to a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this law;
* * *
 (42) "Trailer", any vehicle without motive power designed for carrying property or passengers on its own structure and for being drawn by self-propelled vehicle, except those running exclusively on tracks, including a semitrailer or vehicle of the trailer type so designed and used in conjunction with a self-propelled vehicle that a considerable part of its own weight rests upon and is carried by the towing vehicle. The term "trailer" shall not include manufactured homes, as defined in section 700.010, RSMo;
* * *
 (46) "Vehicle", any mechanical device on wheels, designed primarily for use on highways, except motorized bicycles and vehicles propelled or drawn by human power, or vehicles used exclusively on fixed rails or tracks.
Section 301.020 requires all owners of motor vehicles or trailers which are operated or driven on the highways of this state to register such with the Director of Revenue, except as otherwise expressly provided. Section 301.010(23) defines the term "motor vehicle" in part as a self-propelled "vehicle". The term "vehicle" is defined in Section 301.010(46) as "any mechanical device on wheels, designed primarily for use onhighways, except motorized bicycles and vehicles propelled or drawn by human power, or vehicles used exclusively on fixed rails or tracks." (Emphasis added.)
Although the term "motorized bicycle", as defined in Section 301.010(25), includes certain three-wheeled vehicles, we do not believe most three-wheeled golf carts are motorized bicycles, because most golf carts are not capable of propulsion by human power. Thus, three-wheeled golf carts are not entitled to the "motorized bicycle" exemption to the definition of the term "vehicle" in Section 301.010(46).
We do not believe, however, that golf carts are designed primarily for use on highways, because golf carts are designed primarily for use on golf courses. As golf carts, both three-wheeled and four-wheeled, are not "vehicles" under the definition of that term in Section 301.010(46), they are not "motor vehicles" under the definition of that term in Section301.010(23) and do not have to be registered as motor vehicles under Section 301.020. Likewise, three-wheeled golf carts are not considered "motortricycles" under the definition of that term in Section 301.010(26), because golf carts, not being designed primarily for use on the highways, are neither "vehicles" nor "motor vehicles" under the definition of those terms in Sections 301.010(46) and 301.010(23), respectively.
We also find that golf carts are not "trailers" as that term is defined in Section 301.010(42), in part because golf carts generally have motive power. Therefore, golf carts do not have to be registered as "trailers" under Section 301.020.
Accordingly, we find that golf carts do not have to be registered under Section 301.020. However, extensive use of a golf cart on public highways would cause us to question our assumption that a golf cart is designed primarily for use on golf courses and not public highways.
Because our answer to the first question is "yes", the second question is moot.
CONCLUSION
It is the conclusion of this office that golf carts do not have to be registered under Section 301.020, as enacted by House Committee Substitute for House Bills Nos. 1367 and 1573, Eighty-Third General Assembly, Second Regular Session.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General